1
2
3
4
5
6

UNITED STATES DISTRICT COURT

7

NORTHERN DISTRICT OF CALIFORNIA

8

SAN FRANCISCO DIVISION

9

10

IN RE BEXTRA AND CELEBREX MARKETING, )
SALES PRACTICE, AND PRODUCT LIABILITY )
LITIGATION

CASE NO. MDL No. 1699 # *1957*

11

| This Document Relates to: | |
|---|---|
| Adams, Carol | 05-1699 CRB |
| Berry, Dorothy | 05-1699 CRB |
| Clack, Edwin | 06-6020 CRB |
| Garcia, Irma | 05-1699 CRB |
| Hamilton, Sarah Jay | 06-6080 CRB |
| Hornel, Todd Conrad | 06-6081 CRB |
| John, Richard | 07-0473 CRB |
| Kenwood, James | 05-1699 CRB |
| Matthews, Harold | 06-5848 CRB |
| Moore, Deborah | 05-1699 CRB |
| Myers, Gary | 07-1517 CRB |
| Phlegm, Lawrence | 05-1699 CRB |
| Pierluisses, Rafael | 05-1699 CRB |
| Routt, Delorious | 06-2392 CRB |
| Salgado, Manuela | 05-1699 CRB |
| Youngblood, Patricia | 05-1699 CRB |

12
13
14
15
16
17
18
19
20
21

[PROPOSED] ORDER GRANTING
PFIZER DEFENDANTS' JOINT
MOTION SEEKING ORDER
DISMISSING PLAINTIFFS'
CLAIMS WITH PREJUDICE OR
OTHER APPROPRIATE
SANCTIONS

(COMPLIANCE MOTION NO. 6)

Date:      October 12, 2007
Time:     10:00 A.M.
Judge:    Hon. Charles R. Breyer

22

THIS MATTER having come before the Court on the Pfizer Defendants' Expedited

23

Motion Seeking Order Dismissing Plaintiffs' Claims With Prejudice; the parties having received

24

due notice and having had the opportunity to be heard; and this Court having considered all

25

submissions made in support of and in opposition to the motion, finds as follows:

26

Plaintiffs listed in the caption to this Order have failed to comply with Pretrial Order

27

No. 6 ("PTO 6") by failing to provide defendants a completed Plaintiff Fact Sheet ("PFS"),

28

-1-

1    correctly executed authorizations, and responsive documents or provide notice that none are in

2    the possession of plaintiff or plaintiff's counsel (collectively, "the discovery required by

3    PTO 6"). Plaintiffs also have failed to comply with the order issued by the Special Master,

4    Judge Fern M. Smith (Ret.), on August 9, 2007, requiring plaintiffs to provide the discovery

5    required by PTO 6 within twenty-one days of entry of that Order or face dismissal with prejudice

6    ("the compliance order"). The plaintiffs' failure is particularly egregious given the numerous

7    efforts the Court and the parties have made to provide notice of plaintiffs' discovery obligations.

8    (*See* Pfizer Defs.' Mem. of P. & A. in Supp. of Mot., at 2-6; Declaration of Stuart M. Gordon in

9    Supp. of Pfizer Defendants' Mot. to Dismiss, ¶¶ 3-20.)

10       Based on these failures, the Court also finds as follows:

11       (1)    The public's interest in expeditious resolution of this litigation is compromised by

12    the plaintiffs' failure to comply with PTO 6 and the Special Master's compliance order. This

13    Court and the public have an overriding interest in securing the just, speedy, and inexpensive

14    determination of every action. Plaintiffs' delay is unreasonable and has impeded the resolution

15    of these matters.

16       (2)    The Court's need to manage its docket is compromised by the plaintiffs' failure to

17    comply with PTO 6 and the Special Master's compliance order. The Court cannot effectively

18    move forward with the cases in which plaintiffs have provided the required discovery when other

19    plaintiffs have failed to do so. Dismissal of these plaintiffs will serve to appropriately penalize

20    these plaintiffs for their non-compliance and also will encourage other plaintiffs to comply with

21    this Court's case management orders.

22       (3)    Defendants are prejudiced by the plaintiffs' failure to comply with PTO 6 and the

23    Special Master's compliance order. Without the discovery required by PTO 6, the Pfizer

24    Defendants cannot defend themselves because they have no information about the individual

25    plaintiffs or the plaintiffs' injuries outside the allegations of the complaint. The defendants are

26    also prejudiced by the loss of evidence and memory that attend the delay in providing required

27    discovery, factors that are aggravated by the complexity of this litigation.

28

-2-

1    (4)    The public policy favoring disposition on the merits is overridden by plaintiffs'

2    failure to comply with PTO 6 and the Special Master's compliance order.  The Court finds that

3    plaintiffs' failure to provide the required discovery obstructs resolution of their claims on the

4    merits.  A case that is stalled or unreasonably delayed by a party's failure to comply with

5    deadlines and discovery obligations cannot move forward toward resolution on the merits.

6    Accordingly, this dismissal factor does not weigh in favor of plaintiffs at all.

7    (5)    There are no less drastic sanctions available to force the plaintiffs to comply with

8    this Court's orders.  The Court finds that PTO 6 and the Special Master's compliance order both

9    provide specific warnings stating that claims may be dismissed with prejudice for failure to

10   comply with discovery obligations.  The Court also finds that Plaintiffs received warning letters

11   from Defendants that prompted no response.

12   Accordingly, after weighing the dismissal factors discussed in *Malone v. U.S. Postal*

13   *Serv.,* 833 F.2d 128, 130 (9th Cir. 1987), and *In re Phenylpropanolamine (PPA) Prods. Liab.*

14   *Litig.*, 460 F.3d 1217 (9th Cir. 2006), and in light of this Court's role in overseeing this

15   multidistrict litigation, the Court hereby finds that dismissal of these plaintiffs' claims with

16   prejudice is warranted.

17   THEREFORE, IT IS HEREBY ORDERED THAT the Pfizer Defendants' Expedited

18   Motion is GRANTED and the claims of the plaintiffs listed in this caption are DISMISSED

19   WITH PREJUDICE.

20   **IT IS SO ORDERED.**

21

22   Dated: October **12**, 2007

     HONORABLE CHARLES R. BREYER
     UNITED STATES DISTRICT JUDGE

23

24

25

26

27

28                                                    -3-

[PROPOSED] ORDER GRANTING PFIZER DEFENDANTS' JOINT MOTION SEEKING ORDER
DISMISSING PLAINTIFFS' CLAIMS WITH PREJUDICE OR OTHER APPROPRIATE SANCTIONS